1  Eric J. Hardeman (State Bar No. 253489)
   JONES DAY
2  3161 Michelson Drive, Suite 800
   Irvine, CA 92612
3  Telephone:   (949) 851-3939
   Facsimile:   (949) 553-7539
4  Email:       ejhardeman@jonesday.com

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**CV 11 3896**

| | |
|---|---|
| LORENZO ROBERTSON, | CASE NO. _____ |
| Plaintiff, | (Santa Clara County Superior Court, State of California, Limited Jurisdiction Division, Case No. 111CV204098) |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC., CHEXSYSTEMS, INC., FIRST ADVANTAGE SAFERENT, INC., | **NOTICE OF REMOVAL OF ACTION** |
| | Complaint Filed: June 2, 2011 |
| Defendants. | |

Pursuant to 28 U.S.C. § 1441, Defendant Experian Information Solutions, Inc., files its Notice of Removal of the above-captioned action to this Court, and states as follows:

1.  Experian is a named defendant in Civil Action No. 111CV204098, filed in the Santa Clara County Superior Court, State of California, Limited Jurisdiction Division (the "State Court Action").

2.  The original Complaint in the State Court Action was filed with the Clerk of the Santa Clara County Superior Court on June 2, 2011. Plaintiff mailed to Experian, a copy of the Complaint and a request for waiver of summons, which was received by Experian on July 11, 2011. Experian agreed to waive service of summons, effective as of the date it received the Complaint.

IRI-24536v1                                                NOTICE OF REMOVAL OF ACTION

3. This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4. Experian is informed and believes that no other defendant in the State Court Action has been served with Summons and the Complaint.

5. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" is a true and correct copy of all substantive records and proceedings from the State Court Action.

6. Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7. The claims of relief against Experian alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(b), as it is a civil action founded on a claim or right arising under the laws of the United States, namely, the FCRA.

8. Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Experian notices the removal of this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1441 *et seq.*

| | |
|---|---|
| Dated: August __, 2011 | Jones Day |
| | By: _____ |
| | Eric J. Hardeman |
| | |
| | Attorneys for Defendant |
| | EXPERIAN INFORMATION SOLUTIONS, INC. |

EXHIBIT A

LORENZO ROBERTSON
715 Lexington Place
Gilroy, Ca 95020    Email: lrobertson1966@gmail.com

**UNITED STATES DISTRICT COURT**
**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**

Case No.:

LORENZO ROBERTSON

Plaintiff,

VS.

EXPERIAIN INFORMATION SOLUTIONS, INC.,

TRANS UNION, LLC.,

CHEXSYSTEMS, INC.,

FIRST ADVANTAGE SAFERENT, INC.,

Defendants.

COMPLAINT AND REQUEST FOR PUNITIVE DAMAGES.

**LIMITED CIVIL CASE**
**DEMAND DOES NOT EXCEED $10,000.00**

**JURY TRIAL DEMANDED**

[Summary of pleading] - 1

Upon information and belief, and good faith, Plaintiff LORENZO ROBERTSON alleges as follows:

PRELIMINARY STATEMENT

**1.** Plaintiff brings this action for damages based on Defendants' violation of the Fair Credit Reporting Act ("FCRA") codified at 15U.S.C. S 1692 et seq., of the Fair Debt Collection Practices Act ("FCRA"), 15 U.S.C. S 1692 et seq., The Fair and Accurate Credit Transactions Act of 2003 FACTA Act or FACTA, Pub. L 108-159.

**2.** Under S.616 of the Act, (15 U.S.C. S 168In). "An entity that meets the definitional requirement for a "consumer reporting agency" (CRA) in section

Collection Practices Act ("FCRA"), 15 U.S.C. S 1692 et seq., The Fair and Accurate Credit Transactions Act of 2003 FACTA Act or FACTA, Pub. L 108-159.

**2.** Under S.616 of the Act, (15 U.S.C. S 168ln). "An entity that meets the definitional requirement for a "consumer reporting agency" (CRA) in section 603(f) of the FRCA is covered by the law even if the only information it collects, maintains, and disseminates is obtained from "public record" sources.

**3.** Section 603 (f) defines a "consumer reporting agency" (CRA) as any person which, for monetary fees, dues, or not on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information... for the purpose of furnishing consumer reports to "third parties. Section 603 (d) defines a "consumer report" as the communication of "any information" by a CRA that bears on a consumers credit worthiness, credit rating, credit, credit capacity, character, general reputation, personal characteristics, or mode of living that is used or expected to be or collected in whole or part, for the purpose of serving as a factor in establishing eligibility for credit or insurance to be used primarily for personal, family or household purposes, employment purposes, Or any other purpose authorized under Section (604).

**4.** A consumer may recover either actual damages or a minimum of $100 and a maximum of $1000 plus punitive damages and reasonable attorney's fees and costs for willful noncompliance with the act. Under S 617 of the act, (15 U.S.C. S. 1681o), recovery for a negligent violation is of actual damages, plus attorney's fees. Under S 618, a consumer may file suit in state or federal court to enforce the Act, and the statue of limitations is earlier of 2 years from discovery and 5 years from the violation. (15 U.S.C. S 1681p.)

Summary of Pleading] – 2

**JURISDICTION**

5. The jurisdiction of this court is conferred by 15 U.S.C., 1681 (p) and 28 U.S.C. 1331. Venue lies in Santa Clara County in the U.S. District Court of Santa Clara, California.

**PARTIES**

6. Plaintiff, Lorenzo A. Robertson (hereafter "I", "me", "mine", or Plaintiff" is a resident of Gilroy, California. Plaintiff is a "consumer" as defined by FCRA 1681 (a) of the FCRA.

7. Defendant Experian Information Solutions (hereinafter "Experian") is both a "person" as defined by FCRA 1681a(f) and sections 603 (f). Experian is authorized to do business in the state of California, with its principle place of business located at 475 Anton Blvd. Costa Mesa, Ca. 92626.

8. Defendant Trans Union LLC (hereafter Trans Union) is both a "person" as defined by FCRA 1681 (a) and a consumer reporting agency as defined by FCRA 1681a(f) and Sections 603(F). Trans Union is authorized to do business in the state of California, with its principle place of business located at 555 West Adams, Chicago, IL. 60661.

9. Defendant Chexsystems, Inc. (hereafter Checksystems) is both a "person" as defined by FCRA 1681 (a) and a consumer reporting agency as defined by FCRA 1681a(f) and Sections 603(F). Checksystems is authorized to do business in the state of California, with its principle place of business located at 7805 Hudson Road, Suite 100, Woodbury, MN. 55125.

10. Defendant First Advantage Saferent Inc.. (hereafter First Advantage Saferent) is both a

"person" as defined by FCRA 1681 (a) and a consumer reporting agency as defined by FCRA 1681a(f) and Sections 603(F). First Advantage Saferent is authorized to do business in the state of California, with its principle place of business located at 7300 Westmore Road #3, Rockville, MD. 20850.

## CUASE OF ACTION

11. Plaintiff repeats, alleges, contends, asserts/reasserts and incorporates by reference the foregoing paragraphs.

12. Experian; continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about plaintiff which is inaccurate, false, erroneous, misleading, adverse data, despite notice from Plaintiff and subscribers that such information is inaccurate.

13. Experian; failed to a conduct reasonable investigation of Plaintiff's disputes with the original creditors and otherwise allegedly utilizing a web-based metro 2 compliant dispute verification system (e-OSCAR) and willfully failed to comport with FCRA 1681i.

14. Experian; fails to adopt and follow reasonable procedures to assure maximum required accuracy and thorough verification of Plaintiff's consumer credit and other personal information as required by FCRA which is complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes, subscriber codes and other economic data evaluation methods.

15. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the cost of this action together with reasonable attorney's fees.

16. Trans Union continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about plaintiff which is inaccurate, false, erroneous, misleading, adverse, and has allegedly participated in the selling lists containing personal and financial consumer information to third parties for marketing purposes for profit since January 1,1987- May 28, 2008 see class action settlement case (re Trans Union Privacy Litigation Case No. 00-CV-4729, MDL Docket No. 1350, U.S. Dist. Ct., N. Dist. Illinois, Eastern Division, Judge Robert W. Gentlemen) and has allegedly participated in the selling lists containing personal and financial consumer information to third parties for marketing purposes for profit since January 1,1987- May 28, 2008 despite notice from Plaintiff and subscribers that such information is inaccurate.

17. Trans Union; failed to a conduct reasonable investigation of Plaintiff's disputes with the original creditors and otherwise allegedly utilizing a web-based metro 2 compliant dispute verification system (e-OSCAR) and willfully failed to comport with FCRA 1681i.

18. Trans Union; fails to adopt and follow reasonable verification procedures to assure maximum required accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which is complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes, subscriber codes and other economic data evaluation.

19. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the cost of this action together with reasonable attorney's fees.

20. ChexSystems, Inc.; continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about plaintiff which is inaccurate, false,

erroneous, misleading, adverse data despite notice from Plaintiff and subscribers that such information is inaccurate.

**21.** ChexSystems, Inc.;   failed to a conduct reasonable investigation of Plaintiff's disputes with the original creditors and "negligent and willful failure to reinvestigate the disputed entries in violation of sections 611(a), 616, and 617 of the FCRA, 15 U.S.C. §§ 1681i(a), 1681n, 1681o". See "Cushman v. Trans Union Corp., 920 F. Supp. 80 (E.D. Pa. 1996) or Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997)".

**22 .** ChexSystems, Inc.; fails to adopt and follow reasonable verification procedures to assure maximum required accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which is complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, and other economic data evaluation.

**23.** As a result of ChexSystems's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to the sum of (1) any actual damages for humiliation or mental distress sustained by Plaintiff as a result of said failure and (2) the cost of this action together with reasonable attorney's fees.

**24.** First Advantage Saferent; is a blacklist company and makes no inquiry into the issues of a case before reporting an alleged eviction and continues to add, store, maintain and disseminate personal credit information, in consumer reports it prepares and issues about plaintiff which is inaccurate, false, erroneous, misleading, adverse unverified data despite notice from Plaintiff that such information is inaccurate.

**25.** First Advantage Saferent; failed to a conduct reasonable investigation of Plaintiff's disputes with the original creditors and willfully failed to comport with FCRA 1681i.

26. First Advantage Saferent.; fails to adopt and follow reasonable verification procedures to assure maximum required accuracy of Plaintiff's consumer credit and other personal information as required by FCRA which is complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes, subscriber codes and other economic data evaluation.

27. As a result of First Advantage Saferent's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the cost of this action together with reasonable attorney's fees.

## Demand for Jury Trial

**Plaintiff hereby demands a jury trial on all issues so triable.**

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request and pray for a judgment against Defendants and that Plaintiff be awarded all costs allowable to what they deem just and proper for the inconvenience, damage of character, mental and financial distress due their actions for so many years.

Dated this June 2, 2011

*[signature]*

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara  CASE NUMBER: _____
191 N. First St., San Jose, CA 95113

**PLEASE READ THIS ENTIRE FORM**

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: __Honorable Kevin McKenney__  Department: __20__

The 1st CMC is scheduled for: (Completed by Clerk of Court)
    Date: __NOV 2 2 2011__    Time: __2:15 PM__ in Department: __20__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
    Date: _____    Time: _____ in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

| FW-003 | Order on Court Fee Waiver (Superior Court) |
|---|---|

Clerk stamps date here when form is filed.

**FILED**
2011 JUN 30 PM 4: 51
[Signature] M. Scrum

① **Person who asked the court to waive court fees:**
Name: LORENZO A. ROBERTSON
Street or mailing address: 715 Lexington Place
City: Gilroy  State: CA  Zip: 95020

② Lawyer, if person in ① has one *(name, address, phone number, e-mail, and State Bar number):* N/A

Fill in court name and street address:
Superior Court of California, County of
**Superior Court**
**Civil Division**
**191 N. First St**
**San Jose, CA 95113**

③ A request to waive court fees was filed
on *(date):* _____

☐ The court made a previous fee waiver order in this case
on *(date):* _____

Fill in case number and case name:
Case Number: V605008

*Read this form carefully. All checked boxes ☑ are court orders.*

Case Name:

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

④ After reviewing your *(check one):* ☒ Request to Waive Court Fees  ☐ Request to Waive Additional Court Fees
the court makes the following orders:

a. ☒ The court grants your request, as follows:
   (1) ☒ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rule 3.55.)* You do not have to pay the court fees for the following:
   - Filing papers in Superior Court
   - Making copies and certifying copies
   - Sheriff's fee to give notice
   - Reporter's daily fee *(for up to 60 days following the fee waiver order at the court-approved daily [rate])*
   - Preparing and certifying the clerk's transcript on appeal
   - Giving notice and certificates
   - Sending papers to another court department
   - Court-appointed interpreter in small [claims]
   - Court fees for phone hearings

   (2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
   - ☐ Jury fees and expenses
   - ☐ Fees for court-appointed experts
   - ☐ Reporter's daily fees *(beyond the 60-day period following the fee waiver order)*
   - ☐ Other *(specify):* _____
   - ☐ Fees for a peace officer to testify in court
   - ☐ Court-appointed interpreter fees for a w[itness]

   (3) ☐ **Fee Waiver for Appeal.** The court grants your request and waives the fees and costs checked below for your appeal. *(Cal. Rules of Court, rules 3.55, 3.56, 8.26, and 8.818.)* You do not have to pay for the checked items.
   - ☐ Preparing and certifying clerk's transcript for appeal
   - ☐ Other *(specify):* _____

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2009, Mandatory Form
Government Code, § 68634(e)
California Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

FW-003, Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

Your name: _____

Case Number: _____

b. ☐ The court **denies** your request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date below) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date below) to:
- Pay your fees and costs, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):* _____

_____

☐ Bring the following proof to support your request if reasonably available: _____

**Hearing Date** → Date: _____ Time: _____  Name and address of court if different from page 1:
Dept.: _____ Rm.: _____

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: **6·29·11**

Signature of (check one): ☒ *Judicial Officer*  ☐ *Clerk, Deputy*
Kevin E. McKenney

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation*, Form MC-410. (Civil Code, § 54.8.)

**Clerk's Certificate of Service**

I certify that I am not involved in this case and *(check one):* ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.
☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California on the date below.   M. Scrum

Date: **JUN 3 0 2011**   _____ Clerk, by _____, Deputy

Revised July 1, 2009                **This is a Court Order.**                FW-003, Page 2 of 2

**Order on Court Fee Waiver (Superior Court)**





ENDORSED FILED

AUG -8 2011

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By _____
Deputy Clerk

Eric J. Hardeman (State Bar No. 253489)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:  (949) 851-3939
Facsimile:  (949) 553-7539
Email:  ejhardeman@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| LORENZO ROBERTSON,<br><br>              Plaintiff,<br><br>       v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>TRANS UNION, LLC.,<br>CHEXSYSTEMS, INC.,<br>FIRST ADVANTAGE SAFERENT, INC.,<br><br>              Defendants. | CASE NO. 111CV204098<br><br>Assigned for all purposes to<br>Hon. Kevin McKenney<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

### GENERAL DENIAL

Defendant Experian Information Solutions, Inc. ("Experian") hereby answers the Complaint filed by plaintiff Lorenzo Robertson ("Plaintiff") as follows:

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Experian denies, generally and specifically, each and every allegation, statement, matter, and purported cause of action contained in Plaintiff's Complaint and, without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner for any sums alleged, or in any way at all, by reason of any acts or omissions of Experian.

### AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Experian alleges the following separate and

IRI-24520v1

ANSWER TO COMPLAINT



distinct affirmative defenses, without conceding that it bears the burden of proof or persuasion as to any of them:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate Plaintiff's damages.

### SIXTH AFFIRMATIVE DEFENSE
### (LACHES)

The Complaint and each claim for relief therein is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained

by Plaintiff was, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### TENTH AFFIRMATIVE DEFENSE
### (CLAIM PRECLUSION)

On information and belief, all of Plaintiff's claims against Experian are barred by the doctrine of claim preclusion.

### ELEVENTH AFFIRMATIVE DEFENSE
### (ISSUE PRECLUSION)

On information and belief, all of Plaintiff's claims against Experian are barred by the doctrine of issue preclusion.

### TWELFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (INTERVENING CAUSE)

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries

alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief that this Court may deem necessary and proper.

Dated: August 8th, 2011

Jones Day

By: _____
Eric J. Hardeman

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## PROOF OF SERVICE BY MAIL

I, Eric Hardeman, am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 8, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

> Lorenzo Robertson
> 715 Lexington Place
> Gilroy, CA  95020

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 8, 2011**, at Irvine, California.

*/s/ Eric Hardeman*
Eric J. Hardeman

IRI-24520v1

5

ANSWER TO COMPLAINT

**PROOF OF SERVICE BY MAIL**

I, Eric Hardeman, am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 9, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION**

in a sealed envelope, postage fully paid, addressed as follows:

> Lorenzo Robertson
> 715 Lexington Place
> Gilroy, CA  95020

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 9, 2011**, at Irvine, California.

_____
Eric J. Hardeman

IRI-24536v1                                         4                          NOTICE OF REMOVAL OF ACTION