1  SCOTT J. HYMAN (State Bar No. 148709)
   ERIC J. TROUTMAN (State Bar No. 229263)
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Ave., Suite 700
4  Irvine, CA  92612
   Telephone:  (949) 442-7110
5  Facsimile:   (949) 442-7118

6  Attorneys for Defendant
   CHEX SYSTEMS, INC.

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO ROBERTSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>EXPERIAIN INFORMATION SOLUTIONS, INC.,<br><br>TRANS UNION, LLC.,<br><br>CHEXSYSTEMS, INC.,<br><br>FIRST ADVANTAGE SAFERENT, INC.,<br><br>            Defendants. | Case No.: 5:11-CV-03896 HRL<br>Hon. Howard R. Lloyd<br>Dept. 2<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**FED R. CIV. P. 12(B)(6)**<br><br><br>Date:    October 25, 2011<br>Time:   10:00 a.m.<br>Dept.:   2<br><br>Complaint Filed:    June 29, 2011 |

## I. INTRODUCTION

Plaintiff's Complaint fails to state facts supporting any claim. Indeed the Complaint lacks any factual narrative whatsoever. Accordingly, the Complaint does not comply with the basic requirements of Rule 8. Fed R. Civ. P. 8. Nonetheless, it appears that Plaintiff contends that each of the Defendants inaccurately reported information on his credit report and/or failed to reinvestigate a dispute. (Compl., ¶¶ 21-23.) He recites the exact same allegations against each Defendant.

Plaintiff's Complaint is a classic example of "element pleading." Plaintiff alleges only that (some of) the elements of a FCRA claim can be established, without providing any factual allegations supporting those conclusions. This practice is forbidden under federal procedural law and the Complaint must be amended.

It is also important that Plaintiff has not pleaded even the bare elements of a FCRA claim correctly. For instance, to state a claim for failure to maintain procedures to assure maximum possible accuracy under 15 U.S.C. Section 1681e, Plaintiff must allege that a falsity on his report *resulted* from a failure to maintain adequate procedures to assure accuracy. He does not do so. Further, to state a claim regarding Chex' failure to investigate his dispute under 15 U.S.C. Section 1681i(a), Plaintiff must allege that he requested reinvestigation, and that Chex refused to reinvestigate his dispute. He does not do so. Moreover he has failed to allege that Chex would have discovered the inaccuracy had it reinvestigated; a further necessary element of his claim.

Accordingly, Plaintiff must flush out his allegations and add factual context if he is to survive the pleading stage. The motion to dismiss should be granted with leave to amend.

## II. LAW GOVERNING MOTION

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept [s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). Nonetheless, the court "need not

assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of `entitlement to relief.'"  *Id.* (citing Twombly, 550 U.S. 556-57).  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF FCRA FAILS TO STATE FACTS SUFFICIENT TO STATE A CLAIM

A complaint must state a short and plain statement of the claim.  Fed. R. Civ. P. 8(a)(2).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's Complaint fails to meet this, most basic, requirement as it does nothing more than allege some elements of a FCRA claim supported by mere conclusions.  For instance, Plaintiff alleges that Chex—like the rest of the Co-Defendants—"failed to conduct a reasonable investigation of Plaintiff's disputes…" (Compl., ¶ 21.)  Yet Plaintiff does not allege that he made any such disputes in the first place, or what the content of the dispute was that would have

enabled Chex to undertake a reasonable investigation. Plaintiff also alleges that Chex fails to maintain adequate procedures. (Compl., ¶ 22.) Here again, however, Plaintiff's allegations are merely legal conclusions. He alleges no facts to support his claims. He does not state, for instance, what the flawed procedure consists of, and how it resulted in inaccurate information winding up on his report. Indeed, he does not even describe the nature of the "inaccuracy" he complains of.

These sorts of unsupported conclusions are properly disregarded by the Court as they do not amount to a plausible claim. These are mere elements of a claim, unadorned and unsupported. Such conclusions need not be accepted by the Court (*United States ex rel. Chunie*, 788 F.2d at 643 n.2) and cannot form the basis of a valid claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950

Even were Plaintiff's conclusions sufficient—they are not—he has still failed to state a claim. First, Plaintiff claims that Chex failed to conduct a reinvestigation of disputes with the original creditors in violation of 15 U.S.C. Section 1681i(a). However, a prima facie showing under § 1681i consists of a showing that: (1) plaintiff's credit file contains inaccurate or incomplete information; (2) plaintiff notified the credit reporting agency directly of the inaccurate or incomplete information; (3) plaintiff's dispute is not frivolous or irrelevant; (4) the credit reporting agency failed to respond to plaintiff's dispute; (5) the failure to reinvestigate caused plaintiff to suffer damages; (6) actual damages, such as damages caused by humiliation, mental distress, or injury to reputation or creditworthiness, resulted to plaintiff. *Thomas v. Trans Union LLC*, 197 F.Supp.2d 1233, 1236. (D.Or. 2002).

Plaintiff's claim is insufficiently plead because he does not assert i) that he directly requested reinvestigation from Chex; ii) that his dispute was not frivolous; iii) that Chex failed to respond to his dispute; or iv) that the failure to reinvestigate was the cause of Plaintiff's damage. *Id.* Accordingly his claim fails. Moreover, the last element is a particularly important one. To state a claim Plaintiff must allege, and has not, that Chex would have discovered the inaccuracy had it conducted a reasonably diligent investigation. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir.1997) ("The decisive inquiry is whether the defendant credit bureau could have

uncovered the inaccuracy if it had reasonably investigated the matter").

As to Plaintiff's claim that Chex does not maintain reasonable procedures, to state such a claim, the plaintiff must allege four elements: (1) that "inaccurate information was included in a consumer's credit report," (2) that "the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy," (3) that "the consumer suffered injury," and (4) that "the consumer's injury was caused by the inclusion of the inaccurate entry." *Philbin v. Trans. Union Corp.*, 101 F.3d 957, 963 (3d Cir.1996).  Here again, Plaintiff's claim fails because he does not allege that the particular inaccuracy he complains of in this case arose as a result of an errant or flawed policy.  There is no attempt to draw a causal connection between Chex's flawed procedure (whatever it may be) and the inaccuracy in his report (whatever it may be).

Accordingly, Plaintiff's allegations against Chex are incomplete and inadequate.  Plaintiff must state the facts underlying his legal conclusions, and touch upon each element of his claim, if he is to survive the pleading stage.

### IV.   CONCLUSION

For the forgoing reasons the motion to dismiss Plaintiff's Complaint should be sustained as to Chex, with leave to amend.

DATED: September 1, 2011

SEVERSON & WERSON
A Professional Corporation


By: _____*/s/ Eric J. Troutman*_____
ERIC J. TROUTMAN

Attorneys for Defendant
CHEX SYSTEMS, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s): **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** on all interested parties in said case addressed as follows:

| | |
|---|---|
| LORENZO ROBERTSON<br>715 Lexington Place<br>Gilroy, CA 95020 | Plaintiff, In Pro Per<br><br>Email: lrobertson1966@gmail.com |
| Eric J. Hardeman, Esq.<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612 | Attorneys for Defendant<br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Telephone: (949) 851-3939<br>Facsimile: (949) 553-7539<br>Email: ejhardeman@jonesday.com |

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY EXPRESS MAIL)** By placing the above documents in the United States mail for Express Mail delivery at The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ **(BY FAX)** By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☐ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above documents(s) via electronic transmission (e-mail) at _____ am./pm. using e-mail address (____@severson.com) to the e-mail address designed for each party identified above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Irvine, California, on September 1, 2011.

　　　　　　　　　　　　　　　　　　　　*/s/ Victoria A. McCay*
　　　　　　　　　　　　　　　　　　　　Victoria A. McCay

31176/0085/959009.1

Certificate of Service
Case No.: 5:11-CV-03896 HRL